Alcala, J., delivered the opinion of the Court in which Keller, P.J., Keasler, Hervey, Richardson, Keel, and Walker, JJ., joined.
*848 In this case, we consider whether a person convicted of a criminal offense may present a facial challenge to the constitutionality of a statute for the first time in an application for a post-conviction writ of habeas corpus under circumstances in which the statute at issue has never been judicially declared by any court with binding authority to be facially unconstitutional. We agree with the court of appeals's conclusion that Clinton David Beck, appellant, may not bring, in the first instance, his facial constitutional challenge to the statute of conviction in a post-conviction habeas proceeding in which he seeks relief from his plea of guilty to the offense of engaging in an improper relationship with one of his students. Because the statute challenged by appellant has never before been declared facially unconstitutional by any court with binding authority and he did not preserve this challenge in the trial court, this complaint is not cognizable when raised for the first time in a post-conviction habeas application. We will affirm the court of appeals's judgment upholding the trial court's denial of post-conviction habeas relief.
I. Background
In 2010, appellant was working as a middle school teacher. Appellant began to form a close relationship with one of his students, Danielle,[1] who was in eighth grade and thirteen or fourteen years old at the time. Danielle participated in a mentoring program that appellant oversaw, and appellant also instructed Danielle in health class. Despite the school's policy against texting between teachers and students, appellant began sending text messages to Danielle. At one point, Danielle's mother became concerned about the frequency of the text messages between appellant and her daughter, and she checked Danielle's phone. Danielle's mother found text conversations between appellant and Danielle pertaining to sexual topics. Danielle's mother called the police to report appellant's behavior, and she also brought the matter to the attention of the school principal.
Appellant was arrested and charged with the offenses of online solicitation of a minor and engaging in an improper relationship with a student. See former TEX. PENAL CODE §§ 33.021(b) (setting forth offense of online solicitation of a minor due to sexually explicit electronic communications), 21.12(a)(2) (setting forth offense of improper educator-student relationship due to sexually explicit electronic communications) (West 2010). Pursuant to a plea bargain, appellant agreed to plead guilty to the improper-relationship charge, forfeit his teaching license, and not apply for any *849 future teaching licenses in the United States.[2] In exchange, the State dismissed the online-solicitation charge. Following appellant's guilty plea, the trial court sentenced him to ten years' confinement, suspended for ten years, and it placed him on community supervision. Appellant did not raise any objection to the constitutionality of the improper-relationship statute prior to pleading guilty. Appellant did not appeal his conviction or sentence.
In 2014, appellant filed an application for a post-conviction writ of habeas corpus pursuant to Code of Criminal Procedure Article 11.072.[3] In his application, appellant argued that his conviction was invalid because the improper-relationship statute under which he had been convicted was unconstitutional on its face. At the time of appellant's offense, the statute prohibited, in relevant part, "[a]n employee of a public or private primary or secondary school" from engaging in "conduct described by [the online-solicitation-of-a-minor statute,] Section 33.021 [,]" with a student "enrolled in a public or private primary or secondary school at which the employee works," regardless of the age of the student. See former TEX. PENAL CODE § 21.12(a)(1),(2) (West 2010).[4] The relevant portion of the online-solicitation-of-a-minor statute, Section 33.021, in turn, specified at the time of appellant's conduct that a person over the age of seventeen commits an offense if, "with the intent to arouse or gratify the sexual desire of any person," he intentionally "communicates in a sexually explicit manner with a minor" or "distributes sexually explicit material to a minor" "over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service." Id. § 33.021(b) (West 2010).[5]
In his application, appellant noted that, after he pleaded guilty to the improper-relationship *850 charge, this Court declared former Subsection (b) of the online-solicitation-of-a-minor statute facially unconstitutional in violation of the First Amendment in Ex parte Lo , 424 S.W.3d 10, 14, 26-27 (Tex. Crim. App. 2013) (holding former Penal Code Section 33.021(b) unconstitutional "because it prohibits a wide array of constitutionally protected speech and is not narrowly drawn to achieve only the legitimate objective of protecting children from sexual abuse"). In light of this, appellant argued that, because the improper-relationship statute references the online-solicitation provision that this Court declared to be facially unconstitutional in Lo , the holding in that case also necessarily meant that the improper-relationship statute was unconstitutional on its face. He further contended that he was entitled to relief even though his complaint was presented for the first time in a post-conviction habeas proceeding because a facially unconstitutional statute is void from its enactment, and a conviction pursuant to such a statute may be challenged at any time.
The trial court denied appellant's request for habeas relief. In its findings of fact and conclusions of law, the trial court determined that the improper-relationship statute is "distinct from" the online-solicitation statute and that, although the improper-relationship statute "incorporates elements of" the online-solicitation statute, the improper-relationship statute "has additional narrowing elements and is applicable in an entirely different context" from the online-solicitation statute. The trial court also determined that, "[b]ecause of the distinct context of [the improper-relationship statute], a different speech analysis applies than that applied to [the online-solicitation statute] in Ex parte Lo. " The trial court concluded that the law regarding the constitutionality of the improper-relationship statute "has not changed" in light of Lo, and it upheld the statute as constitutional.
On appeal, the court of appeals affirmed the trial court's denial of relief by reasoning that appellant was barred from raising his constitutional challenge to the improper-relationship statute for the first time in a post-conviction habeas proceeding. Ex parte Beck , No. 03-14-00818-CR, 2016 WL 2732131, at *5-7 (Tex. App.-Austin May 4, 2016) (mem. op., not designated for publication). Relying on this Court's opinion in Karenev v. State , the court of appeals reasoned that facial challenges to the constitutionality of a statute implicate the type of right that is subject to forfeiture, and thus a defendant forfeits his complaint if he fails to object at trial. Id. at *6 (citing Karenev v. State , 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) ). The court of appeals also cited Karenev for the proposition that a statute is " 'presumed to be constitutional until it is determined otherwise.' " Id. (quoting Karenev , 281 S.W.3d at 434 ). Applying these principles to appellant's case, the court of appeals held that appellant had waived any facial constitutional challenge to the improper-relationship statute by failing to object to the statute's constitutionality in the trial court. Id.[6]
Regarding appellant's argument that Lo had automatically invalidated the improper-relationship *851 statute and thus he should be permitted to challenge his conviction pursuant to a void statute even though he failed to object at trial, the court of appeals disagreed. It reasoned that this Court "has made no determination regarding the constitutionality of [the improper-relationship statute] in Lo or in any other case." Id. It continued, "Whether or not the court of criminal appeals or this Court might ultimately determine that [the improper-relationship statute] is unconstitutional for the reasons identified in Lo , there has been no binding judicial declaration on that matter at this point." Id. at *7. The court of appeals went on to observe that, although the improper-relationship statute references the provisions in the online-solicitation statute, the improper-relationship statute sets forth an entirely separate offense that is "not dependent on any determination being made under" the online-solicitation statute. Id. The court of appeals also noted that the improper-relationship statute "has additional elements that were not required for conviction under [the] former [online-solicitation statute] and that those additional elements might ultimately impact the constitutionality of the prohibition." Id. Although the court of appeals acknowledged the general principle that a defendant, at any time and without regard to ordinary preservation-of-error requirements, may bring a challenge to his conviction under a statute that has already been declared facially unconstitutional, the court of appeals concluded that that principle was inapplicable here, under these circumstances in which the improper-relationship statute is distinct from the defunct online-solicitation provision and there has been no binding judicial declaration striking down the improper-relationship statute. Id. The court of appeals held that appellant's constitutional challenge to the improper-relationship statute was subject to the ordinary requirement of a trial objection, and thus it concluded that he was barred from raising that complaint for the first time in a post-conviction habeas proceeding. Id.
This Court granted appellant's petition for discretionary review to assess whether the court of appeals correctly held that his challenge to the constitutionality of the improper-relationship statute could not be raised in a post-conviction habeas proceeding because it had not been preserved at trial or presented on direct appeal.[7]
II. Analysis
We agree with the court of appeals's conclusion that appellant is barred from presenting his challenge to the improper-relationship statute for the first time in this application for a post-conviction writ of habeas corpus due to the factual and *852 procedural posture of this case. After we address the applicable standard of review, we explain our reasoning below by reviewing this Court's precedent describing the general rule that a facial constitutional challenge must be preserved during the trial proceedings or later attacks will be forfeited. We also review the law that provides for an exception to that general rule for challenges to convictions pursuant to statutes that have already been declared facially unconstitutional through a binding judicial determination. We then address the basis for our conclusion that neither the general rule nor any exception to that rule permits review of appellant's first-time challenge to the facial constitutionality of the improper-relationship statute in the instant post-conviction habeas proceeding.
A. Standard of Review
In a post-conviction proceeding pursuant to Code of Criminal Procedure Article 11.072, we review de novo the trial court's resolution of mixed questions of law and fact that do not turn on witness credibility and its resolution of pure questions of law. Absalon v. State , 460 S.W.3d 158, 162 (Tex. Crim. App. 2015). The question before us in the instant case implicates a pure question of law, and we accordingly will review this issue de novo. We will uphold the trial court's ruling if it is correct under any theory of applicable law. Id. ; see also Alford v. State , 400 S.W.3d 924, 929 (Tex. Crim. App. 2013).
B. In General, Facial Constitutional Challenge to Statute May Not Be Raised for the First Time On Post-Conviction Review
The crux of the issue before us in this case is whether appellant should be permitted to present his facial constitutional challenge to the statute of his conviction for the first time in the instant post-conviction habeas proceeding. We begin our analysis by reviewing the general law that governs the cognizability of claims on post-conviction review.
As a general matter, this Court has held that complaints that could have been raised on direct appeal cannot be raised on post-conviction habeas review. Garza v. State , 435 S.W.3d 258, 261-62 (Tex. Crim. App. 2014) ; Ex parte Jimenez, 364 S.W.3d 866, 880 (Tex. Crim. App. 2012). "We have said countless times that habeas corpus cannot be used as a substitute for appeal, and that it may not be used to bring claims that could have been brought on appeal." Ex parte Nelson , 137 S.W.3d 666, 667 (Tex. Crim. App. 2004). This Court has recognized that, in general, even constitutional claims may be forfeited if the applicant had the opportunity to raise the issue on appeal. Ex parte Townsend , 137 S.W.3d 79, 81 (Tex. Crim. App. 2004). This is because the writ of habeas corpus is an extraordinary remedy that is available only in the absence of an adequate remedy at law. Id.
In determining that appellant had forfeited his post-conviction challenge to the improper-relationship statute, the court of appeals did not rely on these general principles of cognizability on habeas. Instead, the court of appeals relied on this Court's direct-appeal decision in Karenev v. State that specifically addressed preservation-of-error requirements in the context of a facial constitutional challenge to a statute. See 281 S.W.3d at 429. In Karenev , this Court held that, in general, a facial constitutional challenge to a statute does not implicate an absolute requirement or prohibition that is exempt from ordinary *853 preservation-of-error requirements, and, therefore, such a challenge may not be presented for the first time on direct appeal. Id. at 434. After a jury convicted him of harassment, Karenev complained for the first time on appeal that the harassment statute was unconstitutionally vague on its face. Id. at 429 ; see also TEX. PENAL CODE § 42.07(a)(7) (setting forth offense of harassment). This Court concluded that Karenev had forfeited his constitutional challenge by failing to object in the trial court and thus he was precluded from raising that challenge for the first time on appeal. Karenev, 281 S.W.3d at 434. We explained that, pursuant to Marin v. State , our watershed case in the area of error preservation, rules are divided into three categories: (1) absolute requirements or prohibitions, (2) rights that are waivable-only, and (3) rights that can be forfeited. Id. (citing Marin v. State , 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993) ). We concluded that a facial challenge to the constitutionality of a statute "falls within the third category" involving rights that are subject to forfeiture. Id. We additionally observed that statutes "are presumed to be constitutional until it is determined otherwise." Id. We concluded by stating, "The State and the trial court should not be required to anticipate that a statute may later be held to be unconstitutional." Id.[8]
Applying the reasoning of Karenev to appellant's case, the court of appeals held that, due to his failure to object in the trial court prior to entering his guilty plea, appellant was barred from presenting his facial constitutional challenge to the improper-relationship statute for the first time in a post-conviction habeas proceeding. See Beck , 2016 WL 2732131, at *6. Appellant now urges that the court of appeals's application of Karenev to his case was erroneous, but we agree with that court that the underlying premise of Karenev generally applies to this case. Although Karenev was a jury-trial case that was presented to this Court on direct appeal and thus it is not precisely on point as to the question at issue here with respect to whether facial constitutional challenges are cognizable when raised for the first time on post-conviction habeas review, we agree with the court of appeals's assessment that the reasoning of Karenev generally precludes consideration of such complaints that are presented in the first instance in a habeas application that may be filed many years or even decades after a final judgment. Our cases have recognized that questions of error preservation on appeal and in collateral habeas proceedings *854 are substantially overlapping and that "the requirement in each context informs the other." Garza , 435 S.W.3d at 261. By holding that a facial challenge to a statute implicates a Marin category-three forfeitable right that must first be raised in the trial court and may not be complained of for the first time on direct appeal, Karenev signaled by extension that this type of complaint generally may not be presented for the first time at the even later stage of post-conviction review, when the added concern for the State's interest in the finality of its judgments weighs heavily against permitting consideration of such complaints. We thus hold that, as a general matter, a first-time challenge to the facial constitutionality of a statute may not be presented in a post-conviction habeas proceeding. This conclusion follows logically not only from the reasoning of Karenev, but also from the general rule governing the cognizability of claims on post-conviction review that, with the exception of category-one systemic complaints that may be raised at any time, record-based complaints that could have been adequately litigated at trial or on direct appeal may not later be litigated on habeas. See Jimenez, 364 S.W.3d at 880-81 ; Townsend , 137 S.W.3d at 81.[9]
Accordingly, we reject appellant's contention that the court of appeals erred by concluding that such facial constitutional challenges are generally not cognizable when advanced for the first time on post-conviction review. We now turn to consider appellant's arguments as to why this general rule should not apply to his case.
C. An Exception to the General Rule Permits a First-Time Challenge To Conviction Under Statute that Has Already Been Declared Facially Unconstitutional
Appellant contends that he should be permitted to litigate his constitutional *855 challenge for the first time on post-conviction habeas review because this situation falls within an exception to the Karenev general rule for statutes that have already been declared facially unconstitutional. In Smith v. State , this Court permitted a defendant to present for the first time on direct appeal a challenge to his conviction on the basis that the underlying statute was facially unconstitutional, despite the fact that he had not raised any objection to the statute's constitutionality in the trial court. Smith v. State , 463 S.W.3d 890, 895 (Tex. Crim. App. 2015). The basis for this Court's decision in Smith was that, by the time of Smith's direct appeal, this Court had already declared the statute at issue, Subsection (b) of the former online-solicitation-of-a-minor statute, to be unconstitutionally overbroad in Lo . Id. at 894 (citing Lo , 424 S.W.3d at 19-20 ). In Smith, we explained that an unconstitutional statute is " 'void from its inception' " and that, " 'when a statute is adjudged to be unconstitutional, it is as if it had never been[.]' " Id. at 895 (quoting Reyes v. State , 753 S.W.2d 382, 383 (Tex. Crim. App. 1988) ). We then proceeded to consider the Marin categories of rights, and we determined that the "right to be free from the enforcement of a statute that has been declared unconstitutional and void" implicates a category-one absolute requirement. Id. (citing Marin , 851 S.W.2d at 279 ). Thus, we explained that a "consequence of declaring a penal statute unconstitutional and void is to put a conviction pursuant to that statute into the Marin 'category one'-an absolute right or legal requirement that is so fundamental that it cannot be forfeited or waived by those complaining thereafter." Id. at 896. In distinguishing the situation in Smith from the issue that was before us in Karenev , we observed that, whereas in Karenev the defendant on appeal was seeking to attack a valid statute that had not yet been declared void, Smith was "seeking relief for a conviction of a non-crime under a statute that has already been held to be invalid." Id. We concluded that Smith was entitled to relief on direct appeal even in the absence of any trial objection because we had previously held that the statute of conviction, the former online-solicitation provision, was facially unconstitutional and thus there was no valid statute upon which to base his conviction. Id. at 896-97.
Based on the rationale of Smith that had permitted an unpreserved direct-appeal challenge to a conviction pursuant to a statute that had already been found to be facially unconstitutional, this Court has granted post-conviction habeas relief in other cases on the basis that a statute has already been declared facially unconstitutional, despite the lack of preservation with a trial objection or presentation of the complaint on direct appeal. See, e.g., Ex parte Fournier, 473 S.W.3d 789, 796 (Tex. Crim. App. 2015) ; Ex parte Chance , 439 S.W.3d 918 (Tex. Crim. App. 2014) (per curiam).[10] Thus, although the general rule in Karenev and the Smith exception involved *856 direct-appeal first-time facial constitutional challenges that had not been preserved at trial, this Court has since applied those concepts to grant post-conviction habeas relief on the basis of first-time facial constitutional challenges under circumstances in which an appellate court with binding authority had already determined the statute at issue to be facially unconstitutional.
Contrary to appellant's suggestion that Texas always requires trial preservation for all facial constitutional challenges presented on direct appeal or habeas, the preceding discussion shows that Texas has, in limited circumstances, permitted relief on direct appeal or on habeas review even when such a complaint was not preserved at trial, on the basis that a statute had previously been held to be facially unconstitutional. Such an approach is consistent with this Court's recognition that certain types of claims alleging violations of systemic rights may be remedied at any time, regardless of whether the claim was preserved at trial or could have been litigated on direct appeal.[11] Given that Texas has granted relief for unpreserved facial constitutional challenges raised for the first time on habeas under circumstances in which the statute underlying an applicant's conviction had been declared to be facially unconstitutional by a binding judicial determination, and given that Texas more generally permits unpreserved first-time habeas challenges for violations of systemic rights, we disagree with appellant that Texas is out of step with other jurisdictions that he suggests would afford more favorable treatment to his complaint.[12]
D. Neither the General Rule nor the Exception to that Rule Permits Review *857 of Appellant's First-Time Challenge to the Facial Constitutionality of this Statute
Because our general rules of preservation-of-error and habeas cognizability indicate that a person finally convicted of a criminal offense may not bring a facial constitutional challenge to the statute of his conviction for the first time in a post-conviction habeas proceeding, appellant's complaint may not properly be considered at this juncture, absent some exception to those rules. Appellant argues that, because this Court's Smith exception permits first-time habeas challenges not preserved at trial under circumstances in which a statute already has been judicially declared to be facially unconstitutional, his complaint is cognizable under that theory. Appellant asserts that the improper-relationship statute under which he was convicted refers to and incorporates language from a void statute, namely, the portion of the former online-solicitation statute that this Court struck down in Lo , and, as such, the improper-relationship statute is also necessarily void from its enactment. Therefore, relying on Smith , appellant asserts that he may challenge his conviction pursuant to that statute at any time. For reasons that we will explain further below, we agree with the court of appeals's rejection of appellant's contention.
As we have explained above, at the time of appellant's conduct, the improper-relationship statute provided, in relevant part, that an employee of a public or private school commits an offense if the employee engages in "conduct described by Section 33.021 [the online-solicitation statute]," with "a person who is enrolled in a public or private primary or secondary school at which the employee works," regardless of the age of that person. TEX. PENAL CODE § 21.12(a)(2) (West 2010).[13] The relevant portion of the former online-solicitation provision, in turn, provided that a person aged seventeen or older commits an offense if, "with the intent to arouse or gratify the sexual desire of any person, the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, intentionally communicates in a sexually explicit manner with a minor[.]"Id. § 33.021(b)(1).[14]
*858 The following table compares the two statutes:
Elements of the Then-Applicable Elements of the Statute Found Facially Improper-Relationship Statute Unconstitutional in Lo 1. An employee of a public or private 1. A person aged seventeen years or older school 2. Engages in conduct described 2. Same by the online-solicitation statute: A. With the intent to arouse or gratify the sexual desire of any person B. The person over the Internet, text message, or other types of communication listed in the statute C. Intentionally communicates in a sexually explicit manner with the complainant 3. The complainant must be a person who 3. The complainant must be a "minor," as is enrolled in a public or private primary defined by the statute or secondary school regardless of the age of the student 4. The employee must work at the same 4. The statute has no relationship place where the complainant is a student requirement
As the court of appeals observed in its analysis, although the improper-relationship statute refers to the conduct described by the online-solicitation provision, it contains the additional elements that the actor be a school employee and that the recipient of the sexually explicit communications be a student. Compare TEX. PENAL CODE § 21.12(a)(2), with id. § 33.021(b)(1) (West 2010). The improper-relationship statute thus applies in a much narrower context than did the former online-solicitation provision, which applied broadly to any sexually explicit communications between an adult and a minor. In Lo , this Court was particularly concerned with the online-solicitation statute's sweeping breadth that brought within its coverage a substantial amount of constitutionally protected speech. Lo , 424 S.W.3d at 20, 23. Here, this statute contains material differences from the portion of the online-solicitation statute found to be unconstitutional in Lo because the improper-relationship statute is limited to addressing only sexually explicit communications in the particular context of the teacher-student relationship. As the State observes in its brief, courts have recognized that the government has greater leeway to regulate speech in the educational context.[15] Further, *859 the particular context in which a statute applies is key to conducting a First Amendment overbreadth analysis.[16] This Court's holding that the online-solicitation provision in Lo was facially unconstitutional because of its sweeping breadth in prohibiting all titillating talk between adults and minors is not a binding judicial declaration that the improper-relationship statute, which applies much more narrowly to educational settings, is also unconstitutional.[17] Given the differences between these two statutes and the distinct manner in which they operate, we agree with the court of appeals's assessment that this Court's holding in Lo did not automatically invalidate the improper-relationship statute. See Beck , 2016 WL 2732131, at *7 ; Lo , 424 S.W.3d at 26-27. Because appellant's challenge is not based on the same facial constitutionality determination that had already been sustained by a binding judicial *860 declaration in Lo , appellant's first-time habeas challenge premised on an unpreserved complaint is not cognizable at this juncture.[18]
In sum, the improper-relationship statute is an entirely different statute that applies in a much narrower context than did the former online-solicitation provision. Thus, this Court's decision in Lo that invalidated the online-solicitation provision did not also automatically invalidate the improper-relationship statute. Because no binding judicial authority from this Court or the Supreme Court has ever declared the improper-relationship statute to be invalid, the Smith exception does not apply. We, therefore, agree with the court of appeals's conclusion that, absent the Smith exception, appellant's first-time facial constitutional challenge to the statute of conviction falls under the general rule that provides that such complaints may not be presented for the first time in a post-conviction habeas proceeding. See Beck , 2016 WL 2732131, at *6. We hold that, under these circumstances, appellant has forfeited his complaint that the improper-relationship statute is facially unconstitutional, and he may not now litigate that issue in the instant post-conviction habeas proceeding.
III. Conclusion
We agree with the court of appeals's determination that, by failing to present any challenge to the facial constitutionality of the improper-relationship statute at any point prior to the instant habeas application, appellant is now foreclosed from raising that challenge for the first time in this post-conviction proceeding under these circumstances in which the statute at issue has never before been declared invalid through any binding judicial determination. We, therefore, affirm the judgment of the court of appeals denying appellant relief.
Yeary, J., filed a concurring opinion.
Newell, J., dissented.
YEARY, J., filed a concurring opinion.
CONCURRING OPINION
I agree that Appellant in this case should not be heard to complain about the facial constitutionality of the statute under which he was convicted for the first time in a post-conviction habeas corpus proceeding such as is provided in Article 11.072. TEX. CODE CRIM. PROC. art. 11.072. I reach that conclusion for a markedly different reason than the Court does today, however, and I disagree with the precedent upon which the Court relies. I write separately to explain how I nevertheless reach the same bottom line as the Court.
*861 The Court relies principally upon our holding in Karenev v. State , 281 S.W.3d 428 (Tex. Crim. App. 2009). There, the Court held that a facial challenge to the constitutionality of a statute falls within the category of rights, as described in the seminal case of Marin v. State , 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993), that may be lost by simple inaction at the trial court level. Karenev , 281 S.W.3d at 434. The Court now affirms that, under Karenev , because Appellant did not object-at the time he entered his plea of guilty-that the penal provision under which he had been charged was unconstitutional on its face, he may not make that Marin -category-three complaint now, for the first time, in a post-conviction proceeding. Majority Opinion at 853-55. There is an exception to the Karenev rule, as the Court later identified in Smith v. State , 463 S.W.3d 890 (Tex. Crim. App. 2015) : An appellant may raise a claim that the statute under which he was prosecuted is facially unconstitutional for the first time in post-conviction proceedings, but only after an authoritative court has already declared that statute to be facially unconstitutional. Id. at 896. The Court today concludes that Appellant's claim does not fit within the Smith exception. I would not go that route.
In my separate opinion in Smith , I described my dissatisfaction with the state of the law in this area in the following terms:
I believe that whether a particular claim falls within one Marin category or another should not be made to depend upon when that claim is recognized to be valid. Instead, it should simply depend upon the nature of the claim itself-does it seek to vindicate an interest that is so indispensable to the correct operation of the criminal justice system that its enforcement is not even optional with the parties. Marin , 851 S.W.2d at 280. For essentially the reasons that Judge Cochran developed in her concurring opinion in Karenev , I would hold that an appellant's claim that his conviction and punishment cannot stand because they are based upon a facially unconstitutional penal provision is patently a Marin -category-one type of claim from its inception , regardless of whether it has yet been recognized and validated by an appellate court. Such a claim may be raised for the first time, and should be addressed on the merits, on appeal. * * * If the nature of the claim is such that it truly falls within the first category of Marin , it may be vindicated for the first time on collateral attack, in post-conviction habeas corpus proceedings. Ex parte Moss , 446 S.W.3d 786, 788-89 (Tex. Crim. App. 2014).
463 S.W.3d at 899 n.3 (Yeary, J., concurring and dissenting). In my view, then, a claim that a penal statute is unconstitutional on its face ought to ordinarily be cognizable even when raised for the first time in post-conviction habeas corpus proceedings.
But not invariably. As I have also expressed in separate opinions in other cases, I do not think this rule should necessarily apply to provide retroactive post-conviction habeas corpus relief automatically to an applicant whose only challenge to the penal provision under which he was prosecuted is that it is unconstitutionally overbroad. I have said that, before granting post-conviction habeas relief to such an applicant, I would require him to demonstrate that the statute was unconstitutional as it applied to his own conduct. Ex parte Fournier , 473 S.W.3d 789, 800-805 (Tex. Crim. App. 2015) (Yeary, J., dissenting);
*862 Ex parte Chang , 485 S.W.3d 918, 918-19 (Tex. Crim. App. 2016) (Yeary, J., dissenting); Ex parte Shay , 507 S.W.3d 731, 738-40 (Tex. Crim. App. 2016) (Yeary, J., dissenting). Appellant in this case pled guilty in 2010, several years before the Court declared the on-line-solicitation-of-a-minor statute to be unconstitutionally overbroad in Ex parte Lo , 424 S.W.3d 10 (Tex. Crim. App. 2013). And we have yet to declare the specific statute under which Appellant pled guilty-the improper-relationship-with-a-student statute-to be similarly unconstitutionally overbroad (and, indeed, as the Court points out, we may never do so). Appellant makes no argument that his own conduct does not fall within the legitimate sweep of the statute, even assuming for the sake of argument that it is substantially overbroad. Under these circumstances, I would not apply the holding in Lo retroactively to grant Appellant post-conviction relief.
In short, a claim that a penal statute is facially unconstitutional, in every conceivable application, is a claim that ought to be cognizable in any initial post-conviction application for writ of habeas corpus, notwithstanding our holding in Karenev. But a claim that a penal statute often operates in a way that impinges on First Amendment rights, though it may have some legitimate sweep, should not be available in post-conviction proceedings unless and until the habeas applicant can establish that his own First Amendment rights were violated. Appellant has made no such showing here.
On that basis, I concur in the Court's judgment affirming the judgment of the court of appeals. But I cannot join the Court's opinion.

The record indicates that "Danielle" was a pseudonym assigned by the trial court. The court of appeals also referred to the complainant in this case as "Danielle Smith." For consistency's sake, we will also refer to the complainant as Danielle.

As the court of appeals noted, there appears to be a clerical error in the judgment of conviction in this case. The judgment reflects that appellant pleaded guilty to a charge under Penal Code Section 21.12(4)(a), but there is no such provision in the Penal Code. The indictment and record from the plea proceedings clearly reflect that appellant pleaded guilty to a charge under former Penal Code Section 21.12(a)(2). See Tex. Penal Code § 21.12(a)(2) (West 2010), current version codified at Tex. Penal Code § 21.12(a)(3) (West 2017).

See Tex. Code Crim. Proc. art. 11.072, § 1 (establishing the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision).

The improper-relationship statute has been amended twice by the Legislature since the date of appellant's offense. See Acts 2011, 82nd Leg., ch. 761 (H.B. 1610), § 3, eff. Sept. 1, 2011; Acts 2017, 85th Leg., ch. 178 (S.B. 7), § 1, eff. Sept. 1, 2017. The current version of the statute contains an additional subsection that extends the statute's coverage to situations in which a school employee engages in an improper relationship with a student who does not attend the school at which the employee works or with a student who participates in district- or school-sponsored educational activities. See Tex. Penal Code § 21.12(a)(2) (West 2017). The provision at issue in this case, former Subsection (a)(2), is now codified at Subsection (a)(3) in the current version of the statute. Id. § 21.12(a)(3). All references in this opinion are to the 2010 version of the statute that was in effect at the time of appellant's offense.

Subsection (b) of the online-solicitation-of-a-minor statute was amended in 2015. See Acts 2015, 84th Leg., ch. 61 (S.B. 344), §§ 1, 2, eff. Sept. 1, 2015. Subsection (b) now provides that a person commits an offense if, with the intent to commit one of several specified sexual offenses, he intentionally communicates in a sexually explicit manner with a minor or distributes sexually explicit material to a minor through an electronic or online message. Tex. Penal Code § 33.021(b) (West 2017). All references in this opinion are to the 2010 version of the online-solicitation statute.

We note here that, although the court of appeals appears to have used the terms "forfeit" and "waive" interchangeably in its analysis of appellant's constitutional challenge, those terms have different meanings in the context of discussing preservation-of-error requirements. Whereas rights that are subject to forfeiture may be lost by inaction alone, rights that are subject to waiver cannot be lost by mere inaction and instead must be expressly waived by a defendant. See Peyronel v. State , 465 S.W.3d 650, 652 (Tex. Crim. App. 2015) (citing Marin v. State , 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) ). Given the substance of the court of appeals's analysis, we understand its holding to mean that appellant forfeited his challenge to the improper-relationship statute due to his inaction in the trial court.

This Court granted review of the sole ground in appellant's petition for discretionary review, which states,
The Court of Appeals held that [appellant] had forfeited his right to challenge on habeas review the constitutionality of Texas Penal Code Section 21.12(a)(3), the statute of conviction, because he did not raise the issue at trial or on appeal. In dicta, the lower court implied that if the issue had been preserved, the court would have found the statute constitutional.

We note that the Supreme Court is currently considering, in the context of a federal criminal prosecution, whether a guilty plea waives any direct-appeal complaint regarding the constitutionality of the statute of conviction. See Class v. United States , --- U.S. ----, 137 S.Ct. 1065, 197 L.Ed.2d 175 (2017), pet. granted Feb. 21, 2017, argued Oct. 4, 2017. The question presented in Class is "whether a guilty plea inherently waives a defendant's right to challenge the constitutionality of his statute of conviction." In contrast to Class , which involves a first-time challenge to the constitutionality of a statute on direct appeal on the basis of an objection that had been lodged on those grounds in the federal trial court, this case involves a first-time challenge to the constitutionality of a statute on habeas under circumstances in which there was no objection lodged on those grounds in the state trial court. Even if the Supreme Court holds that a federal guilty plea does not automatically waive a direct-appeal challenge to the facial constitutionality of a statute on a basis that had been preserved in the trial court, it does not appear that that holding would extend so far as to permit a first-time habeas challenge on grounds never presented at trial or on direct appeal.

The concurring opinion suggests that Karenev was wrongly decided because all complaints as to the facial constitutionality of a statute implicate a Marin category-one right on the basis that they seek to vindicate an interest that is so indispensible to the correct operation of the criminal-justice system that the enforcement of the statute is not even optional with the parties. Compare Mendez v. State, 138 S.W.3d 334, 340 (Tex. Crim. App. 2004) (systemic requirements are those "that a trial court has a duty to follow even if the parties wish otherwise," and, as such, a party "may complain on appeal that such a requirement was violated, even if the party failed to complain about the failure or waived the application of the law"), with Karenev v. State , 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding that facial challenge to constitutionality of statute falls within the third category of rights that may be forfeited). Thus, in the view of the concurring opinion, a defendant, as here, could plead guilty to an offense, obtain a favorable plea bargain from the State, and present no trial-level challenges to the facial constitutionality of a statute, but then he could present, for the first time in an initial habeas application many years after his conviction, a challenge to the facial constitutionality of a statute, and that challenge would be cognizable so that a habeas court would have to address the merits of that challenge. That scenario is far beyond the scope of Karenev , which was limited to a direct-appeal challenge after a trial on the merits. Thus, even if this Court were to overrule or abrogate Karenev , as the concurring opinion suggests and as appellant urges us to do, that would not necessarily mean that a facial challenge to the constitutionality of a statute would be cognizable under the facts and procedures presented by this post-conviction case involving no trial-court preservation, an agreed plea bargain and a waiver of appeal. In short, even if this Court were to decide to permit a facial constitutional challenge on direct appeal without requiring trial preservation, that would not lead us to conclude that this type of challenge should also be permitted on post-conviction review years or decades after a plea of guilty under circumstances in which an appeal was waived.

Although it argues that a claim challenging the facial constitutionality of a statute implicates a Marin category-one right for which enforcement is not optional with the parties, the concurring opinion explains that it would nevertheless deny habeas relief when, as here, relief would be predicated on the retroactive application of a former judicial determination that a statute is unconstitutionally overbroad, absent some showing that the statute was unconstitutional as applied to a particular defendant. See , e.g. , Ex parte Fournier, 473 S.W.3d 789, 800 (Tex. Crim. App. 2015) (Yeary, J., dissenting). Essentially, the concurring opinion determines that, unless a defendant can show that an overbroad statute operated unconstitutionally as to him, he may continue to be punished under that facially unconstitutional statute, regardless of the fact that there was an express judicial determination that the statute was facially unconstitutional in all of its applications, past, present, and future. This Court's majority opinion in Ex parte Fournier , and numerous other opinions recently issued by this Court, have expressly held contrary to the view expressed by the concurring opinion with respect to this matter, and we have granted post-conviction relief to many defendants who were being punished under a facially unconstitutional statute without requiring any showing of an as-applied constitutional violation. See , e.g. , Fournier, 473 S.W.3d at 796. Furthermore, because appellant here seeks to challenge the constitutionality of an entirely different statute from the one that was invalidated in Lo , his instant complaint is not strictly based on a retroactive application of this Court's holding that the online-solicitation statute was facially unconstitutional. Rather, this appellant presents a new theory that under this particular statute involving a teacher-student relationship, the statute is facially unconstitutional. Retroactivity is not at issue in this case because this particular statute has never before been declared facially unconstitutional.

See, e.g., Ex parte Sledge , 391 S.W.3d 104, 108 (Tex. Crim. App. 2013) (explaining that certain types of claims implicating systemic rights may be vindicated on post-conviction habeas review "without regard to ordinary notions of procedural default-essentially because it is simply not optional with the parties to agree" to waiver of such rights).

In support of his position that his claim is entitled to consideration on its merits, appellant argues that many other jurisdictions would permit consideration of this complaint on direct appeal without requiring any trial objection. He also contends that the federal courts would permit review of such complaints on direct appeal under the federal plain-error doctrine. Appellant overstates the significance of the authority on which he relies to establish that other jurisdictions would consider the merits of his instant claim at this juncture. The cases cited by appellant from other jurisdictions seem to limit relief to direct appeal, and those that may permit relief do so on a limited basis. See, e.g., State v. Jamison , 320 Conn. 589, 134 A.3d 560, 571 n.7 (2016) (setting forth requirements for consideration of unpreserved error on direct appeal); Early v. Commonwealth, 470 S.W.3d 729, 734-35 (Ky. 2015) (same); Commonwealth v. Johnson, 470 Mass. 300, 21 N.E.3d 937, 944 (2014) (same); State v. Spotts , 288 Kan. 650, 206 P.3d 510, 512 (2009) (same). With respect to the federal plain-error doctrine, we observe that that doctrine applies only on direct appeal. See United States v. Frady , 456 U.S. 152, 163-64, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (discussing plain-error doctrine that permits direct-appeal review of unpreserved error "so plain the trial judge and prosecutor were derelict in countenancing it," but observing that that doctrine is "out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected" by the expiration of the opportunity to appeal).

The improper-relationship statute also contains an additional subsection that prohibits "sexual contact, sexual intercourse, or deviate sexual intercourse" between a school employee and a student. See Tex. Penal Code § 21.12(a)(1) (West 2017). Because in the instant case there was no allegation of sexual contact, this provision is not relevant to this case, and we therefore do not address it.

The former online-solicitation provision also prohibited the distribution of "sexually explicit material to a minor," and it prohibited the knowing solicitation of a minor to "meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person." Tex. Penal Code § 33.021(b)(2), (c) (West 2010). Because there was no allegation that appellant distributed sexually explicit material or solicited the complainant to engage in sexual activity, we focus our analysis on the provision in Subsection (b)(1) pertaining to sexually explicit communications. Id. § 33.021(b)(1).

See, e.g., Hazelwood Sch. Dist. v. Kuhlmeier, 484 U.S. 260, 266-67, 108 S.Ct. 562, 98 L.Ed.2d 592 (1988) (First Amendment rights in the public-school setting must be "applied in light of the special characteristics of the school environment"; a school need not tolerate speech that is inconsistent with its "basic educational mission") (citations omitted); Bethel Sch. Dist. No. 403 v. Fraser, 478 U.S. 675, 684, 106 S.Ct. 3159, 92 L.Ed.2d 549 (1986) (recognizing the "obvious concern on the part of parents, and school authorities acting in loco parentis , to protect children-especially in a captive audience-from exposure to sexually explicit, indecent, or lewd speech"); DeJohn v. Temple Univ., 537 F.3d 301, 315-16 (3d Cir. 2008) (explaining that "in the context of a public elementary or high school, the 'special needs of school discipline' are an important consideration in regulating speech") (quoting Sypniewski v. Warren Hills Reg'l Bd. of Educ. , 307 F.3d 243, 260 (3d Cir. 2002) ); Lacks v. Ferguson Reorganized Sch. Dist. R-2 , 147 F.3d 718, 724 (8th Cir. 1998) (finding that school board had legitimate academic interest in promoting generally acceptable social standards and, thus, could punish teacher for allowing profanity in student works; First Amendment rights " 'in schools and classrooms must be balanced against the society's countervailing interest in teaching students the boundaries of socially appropriate behavior' ") (quoting Fraser , 478 U.S. at 681, 106 S.Ct. 3159 ).

See United States v. Williams , 553 U.S. 285, 293, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008) (explaining that first step in assessing overbreadth claim is to construe the particular statute at issue because "it is impossible to determine whether a statute reaches too far without first knowing what the statute covers").

Only one of the four statutory elements in the instant statute is the same as in the statute that was held to be facially invalid in Lo , and, therefore, this similarity is not enough to require consideration of the merits of appellant's challenge. Here, there are material differences between the two statutes that would require this Court to conduct an entirely different substantive First Amendment analysis than the one that this Court conducted in Lo because the improper-relationship statute, as compared to the Lo statute, is much narrower in some ways and potentially much broader in some ways. On the one hand, the improper-relationship statute is narrower than the Lo statute in that it applies only to certain employees of certain types of schools, certain students at certain types of schools, and only when the employee works where the complainant is a student. On the other hand, the improper-relationship statute is broader in that it applies to all school employees and not just people who are seventeen years old or older, and to a "student" of any age and not just a "minor," as that word is defined in the Lo statute. Given the substantial differences between the two statutes, we cannot conclude that appellant's facial challenge is cognizable merely because the complained-of statute incorporates as one of its several elements the same language that had been found to be facially unconstitutional in Lo . As we have explained above, this Court's holding in Lo was necessarily based on the online-solicitation statute's overbreadth in reaching all sexually explicit electronic communications between all adults and all minors, but that same analysis would not apply to the improper-relationship statute, given its far narrower focus on the school environment. We note, however, that, if a facial challenge to a statute were premised on a contention that the complained-of statute was nearly identical to a statute that had been found to be facially unconstitutional, then there might be a more persuasive argument that this Court should consider the merits of the claim under the rationale in Smith v. State , 463 S.W.3d 890 (Tex. Crim. App. 2015). Because this case does not present that situation in light of the significant differences between the two statutes that we have described above, we leave that question for another day.

Appellant contends in the alternative that, even if Lo itself did not invalidate the improper-relationship statute, he should still be permitted to litigate his claim here because another court of appeals has now held the improper-relationship statute invalid following Lo . See Collins v. State, 479 S.W.3d 533, 539-40 (Tex. App.-Eastland 2015, no pet.). We decline to extend the Smith rule to cover situations in which a single court of appeals has held a statute to be facially invalid. In Smith , our reasoning suggested that the exception to our normal preservation-of-error rules would be triggered only by a decision of this Court or the Supreme Court declaring a statute to be facially invalid. See Smith v. State , 463 S.W.3d 890, 895-96 (Tex. Crim. App. 2015). Here, as explained above, because we have never declared the improper-relationship statute to be invalid, either indirectly in Lo or directly in any other case, the statute remains valid for purposes of applying our cognizability rules. Appellant's suggested approach would effectively require this Court to follow precedent by the lower courts of appeals which we are not bound to follow. We decline to extend the holding of Smith in this manner.