# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00628-CR

**Ex parte Barlow Smith**

## FROM THE DISTRICT COURT OF BURNET COUNTY, 424TH DISTRICT
## NO. 42272B, HONORABLE EVAN C. STUBBS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Barlow Smith appeals the district court's order denying his second application for writ of habeas corpus in which he sought relief from his conviction for the felony offense of fraudulent delivery of a controlled substance. In this habeas application, Smith raised a claim of actual innocence, challenged his indictment as failing to allege a crime, and contended that the statute under which he was indicted and convicted was void for vagueness. For the reasons that follow, we will affirm the district court's denial of the habeas application.

## BACKGROUND

Smith, who was a doctor and a licensed attorney, was charged by indictment with three counts of fraudulent delivery of a controlled substance. *See* Tex. Health & Safety Code § 481.129. He acted pro se below. At trial, after a jury was empaneled and during the presentation of the State's evidence, Smith decided to accept a plea bargain in which he pleaded guilty to the first count of the indictment and the State waived the remaining two counts. Smith stated on the record that he had read and understood his guilty plea; that he was a licensed attorney and understood the

effect of the document; that he had signed it freely and voluntarily; that he had received all discovery; that he understood he was waiving his right to proceed with a jury trial, his right to file a motion for new trial, and his right to appeal; that the plea was in his best interest; that he "was in entire agreement with" allowing all trial exhibits to be returned and not retained by the court reporter; that he was not claiming to be incompetent; that he had not been forced, threatened, coerced, or promised anything other than the agreement to secure his plea of guilty; and said, "I'm pleading guilty because I am guilty." Based on these affirmations the district court accepted Smith's plea, ordered a presentence investigation, and set a sentencing hearing for the following month. One week before sentencing, Smith filed a motion to withdraw his guilty plea, alleging that he rendered ineffective assistance of counsel to himself and that he pleaded guilty to a "nonexistent crime." The court denied Smith's motion and sentenced Smith to five years' imprisonment, suspending imposition of the sentence, and placing Smith on community supervision for ten years. The court ordered Smith to spend fifteen days in the Burnet County Jail as a condition of his community supervision.

Smith then filed his first application for writ of habeas corpus contending that he rendered ineffective assistance of counsel to himself because he was on prescription medication for asthma that impaired his thinking. The district court denied the application, which Smith appealed. This Court affirmed the district court's order denying habeas relief, and the Texas Court of Criminal Appeals refused Smith's petition for discretionary review. *See Ex parte Smith*, No. 03-16-00048-CR, 2016 Tex. App. LEXIS 11087, at *5 (Tex. App.—Austin Oct. 12, 2016, pet. ref'd) (mem. op., not designated for publication).

2

Smith subsequently filed a second application for writ of habeas corpus, contending that he is actually innocent, that his indictment fails to charge a crime, and that the statute cited in his indictment is void for vagueness. The district court denied Smith's second habeas application and issued findings of fact stating that: (1) Smith's allegations regarding his actual-innocence claim were unfounded; (2) Smith's complaint about his indictment should have been raised on direct appeal or in his first post-conviction writ; (3) Smith's challenge to the constitutionality of the statute should have been raised on direct appeal or in his first post-conviction writ; and (4) Smith's application as a whole is unfounded. This appeal followed.

**DISCUSSION**

An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002); *see* Tex. Code Crim. Proc. art. 11.072. We defer almost completely to the habeas court's determination of historical facts supported by the record, especially when those factual findings rely upon an evaluation of credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). We use the same deference when reviewing the habeas court's application of law to fact questions if the resolution of those determinations rests upon an evaluation of credibility and demeanor. *Id.* If the outcome of those ultimate questions turns upon an application of legal standards, we review the habeas court's determination de novo. *Id.*

3

**Subsequent habeas application under article 11.072**

Article 11.072 of the Texas Code of Criminal Procedure generally restricts habeas applicants to "one bite of the apple." *See* Tex. Code Crim. Proc. art. 11.072, § 9(a); *cf. Ex parte Miles*, 359 S.W.3d 647, 663-64 (Tex. Crim. App. 2012) (discussing similarly worded provisions of article 11.07). It provides that a court may not consider the merits of a subsequent habeas application unless it contains sufficient specific facts establishing that: (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article (2) because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application. Tex. Code Crim. Proc. art. 11.072, § 9(a). A factual basis of a claim is considered unavailable for purposes of this statute "if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date." *Id*. § 9(c). A legal basis of a claim is considered unavailable "if the legal basis was not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before that date." *Id*. § 9(b).

**No newly discovered or newly available evidence presented to support actual-innocence claim**

In his first issue, Smith claims that he is actually innocent because his indictment failed to allege a criminal offense. A claim of actual innocence is cognizable in a post-conviction habeas corpus proceeding. *Ex parte Robbins*, 360 S.W.3d 446, 458 (Tex. Crim. App. 2011). One type of actual innocence claim—which Smith presents here—is a bare claim of actual innocence or a "*Herrera*-type" claim. *Id*.; *see Herrera v. Collins*, 506 U.S. 390, 313-14 (1993). A *Herrera* claim

of actual innocence is a substantive claim in which the applicant argues his innocence based solely upon newly discovered evidence, evidence that was neither introduced at trial nor available to the defense to introduce at trial. *Ex parte Robbins*, 360 S.W.3d at 458; *see Ex parte Elizondo*, 947 S.W.2d 202, 208 (Tex. Crim. App. 1996) (noting that actual-innocence claim in *Herrera* was not challenge to proceedings leading to conviction but only claim that execution of innocent person would violate Eighth Amendment of United States Constitution). Because a *Herrera* claim of actual innocence attacks the conviction directly, an "extraordinarily high" standard applies. *Ex parte Robbins*, 360 S.W.3d at 458 (citing *Schlup v. Delo*, 513 U.S. 298, 315-16 (1995); *Ex parte Elizondo*, 947 S.W.2d at 209).

To be entitled to relief on a *Herrera* actual-innocence claim in a post-conviction application for writ of habeas corpus, the applicant must show by clear and convincing evidence that he would be acquitted based on evidence that is newly discovered or newly available. *Ex parte Elizondo*, 947 S.W.2d at 209; *Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006) (defining "newly discovered evidence" as evidence that was not known to applicant at time of trial and could not have been known to him even with exercise of due diligence). The habeas applicant cannot rely on evidence or facts that were available at the time of his plea, trial, or post-trial motions. *Ex parte Brown*, 205 S.W.3d at 545-46 (noting that "[a] claim of actual innocence is not an open window through which an applicant may climb in and out of the courthouse to relitigate the same claim before different judges at different times").

Here, Smith acknowledges that he provided no newly discovered or newly available evidence in support of his actual-innocence claim. But in his view, the *Herrera* standard does not

apply because "[i]n Appellant's case no crime was committed. No new evidence is required." Smith contends that he pleaded guilty to a "nonexistent crime" because the captions for the counts in his indictment referred to the Penal Code instead of the Health and Safety Code, although the indictment cited the correct section number for the felony offense of fraudulent delivery of a controlled substance. *See Ex parte Smith*, 2016 Tex. App. LEXIS 11087, at *2 n.1 (noting that Smith did not pursue this contention in his first habeas application). In support of his contention, Smith relies on a case addressing federal habeas claims under title 28, section 2254 of the United States Code. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (providing that in "extraordinary" cases,"[a] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief"); *see also* 28 U.S.C. § 2254 (addressing federal courts' review of certain habeas-corpus claims). Smith failed to show that the law on federal habeas claims applies to his habeas claim under Texas law. *See Ex parte Crook*, No. 08-08-00313-CR, 2010 Tex. App. LEXIS 5959, at *12 (Tex. App.—El Paso July 28, 2010, pet. ref'd) (not designated for publication) (concluding that case concerning habeas-corpus applications under title 28, section 2254 of United States Code was "not controlling" as to habeas-corpus application under article 11.072 of Texas Code of Criminal Procedure).

In the absence of any newly discovered or newly available evidence to support his actual-innocence claim—which Smith acknowledges he did not provide—we conclude that Smith cannot show his entitlement to habeas relief. *See Ex parte Elizondo*, 947 S.W.2d at 209; *Ex parte Brown*, 205 S.W.3d at 545. We overrule Smith's first issue.

6

**Smith failed to raise complaint about his indictment in his prior habeas application**

In his second issue, Smith complains that because the captions for each count of his indictment referred to the Penal Code instead of the Health and Safety Code, his indictment failed to allege a crime and that those captions "are misleading to a person of common understanding" and prejudiced him. Smith raised a similar argument in his motion to withdraw his guilty plea, in which he alleged that he pled guilty to a "nonexistent crime" because the heading of his indictment referred to the Penal Code instead of the Health and Safety Code. Smith did not pursue that contention in his first habeas application.

As we have noted, we may not consider the merits of a subsequent habeas application unless it contains sufficient specific facts establishing that: (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article (2) because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application. *See* Tex. Code Crim. Proc. art. 11.072, § 9(a). Smith fails to explain why he failed to raise this complaint about his indictment in his prior habeas application. We overrule Smith's second issue.

**Smith failed to raise challenge to vagueness of statute in his prior habeas application**

In his third issue, Smith contends that the statute under which he was indicted and convicted, section 481.129(c)(1) of the Health and Safety Code, is void for vagueness, both facially and as applied to him. Smith did not challenge the vagueness of the statute for his conviction in his first habeas application, and he provides no explanation why this challenge to the statute could not have been presented beforehand. *See id.* Further, the Texas Court of Criminal Appeals has held that

7

unless a statute has already been declared unconstitutional through a binding judicial determination, a person finally convicted of a criminal offense may not bring a facial constitutional challenge to the statute of his conviction for the first time in a post-conviction habeas proceeding. *Ex parte Beck*, 541 S.W.3d 846, 859-60 (Tex. Crim. App. 2017). The statute that Smith challenges in his second habeas application has not been declared unconstitutional. *Cf. id*. We overrule Smith's third issue.

## CONCLUSION

We affirm the district court's order denying Smith's application for habeas corpus relief.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed: May 24, 2018

Do Not Publish