

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00371-CR

Arthur **THOMAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law, Val Verde County, Texas
Trial Court No. 17-155-CR
Honorable Sergio J. Gonzalez, Judge Presiding

Opinion by: Patricia O. Alvarez, Justice

Sitting: Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Beth Watkins, Justice

Delivered and Filed: April 15, 2020

AFFIRMED

Appellant Arthur Thomas, a high school teacher, was charged with harassment for repeatedly sending a female student text messages that she did not want and which made her feel vulnerable and scared. The jury found Thomas guilty of harassment.

On appeal, Thomas challenges the sufficiency of the evidence to support his conviction. We affirm the trial court's judgment.

**BACKGROUND**

Thomas taught high school English and coached the debate team at Del Rio High School. He met high school junior B.V. in December of 2014 when she decided to join the debate team. In 2015, Thomas was fired as the debate coach; however, he continued teaching English at the school.

When Thomas was fired from coaching debate, he took B.V. to a restaurant for lunch to discuss the future of the debate team. Mostly, Thomas talked about his own life and expressed to B.V. that he was unhappy in his marriage. Afterward, Thomas thanked B.V. for listening and kissed her forehead.

Thomas developed romantic feelings for B.V. and told her he wanted to divorce his wife and marry her, which made B.V. uncomfortable. This dynamic continued for the next year.

When B.V. asked Thomas why he felt comfortable telling her about his marital problems, he responded that she did not think or act like a sixteen-year-old. On one occasion, Thomas offered to buy lunch for B.V., saying that he made $80,000 per year and had no one to spend it on. He also told B.V. that she did not know how to choose boyfriends. He expressed that he wanted to live in an apartment closer to school and asked whether B.V. would come to his apartment so that he could make dinner for her.

Thomas told B.V. that they were interconnected. He said that if she were not a student at his school that he would pursue her. B.V. was seventeen at this time, but Thomas reasoned that in their Hispanic community she was eligible to date an adult man at fifteen years of age. B.V. told Thomas that she was not interested, but he assured her that he would wear her down.

B.V. avoided Thomas, but Thomas regularly pursued her to talk and compliment her. Thomas also met B.V.'s mother at the school open house and later told B.V. that it was nice to

meet his mother-in-law. When B.V. broke up with her high school boyfriend, Thomas offered to take her anywhere she wanted to go and never return. He told B.V. he would have already "conquered" her if he were her age because he was a "real man" unlike the "losers" she dated.

While Thomas was still the debate coach, he obtained B.V.'s phone number for debate team purposes; however, he used the number to send B.V. messages that she did not want. On December 9, 2015, B.V. saw Thomas in the hall and walked the other way to avoid him. Thomas texted B.V. and apologized for offending her: "I am sorry I offended you to the point you feel you have to hide whenever you see me. I hope we can renew our friendship soon. I promise not to say hi to you until you have healed."

On Christmas, at 1:00 a.m., B.V. received a text message from Thomas wishing her a Merry Christmas and stating that he hoped they would talk soon. B.V. did not respond. On New Year's Day, Thomas texted B.V. wishing her a Happy New Year and stating that he wanted to see her. On Valentine's Day, Thomas gave B.V. a bag of Hershey's kisses and told her that if it were a "real Valentine's" that he would give her roses and other gifts. Near graduation, Thomas told B.V. that she would soon realize she would want to be with him and married to him.

B.V. testified that Thomas's text messages made her feel vulnerable and scared because she wanted no contact and believed that she had made that clear to him. In the fall of 2015, B.V. asked her English teacher for advice regarding Thomas. Her English teacher suggested avoiding Thomas until he left B.V. alone. In March 2016, B.V. reported Thomas to a police officer at her school. She provided her phone to document the messages she received from Thomas.

Thomas was charged with a single count of harassment, and his case was tried to a jury. After hearing all the evidence, the jury convicted Thomas of harassment. Thomas appeals.

**SUFFICIENCY OF THE EVIDENCE**

**A.      Standard of Review**

In reviewing a sufficiency challenge, we view the all the evidence "in the light most favorable to the verdict," *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)), and decide whether a rational jury making reasonable inferences could find the essential elements of a charged crime proven beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). In our review, we remember that "[j]urors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given the witness's testimony." *Johnson v. State*, 419 S.W.3d 665, 671 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (citing *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.] 1981); *Jaggers v. State*, 125 S.W.3d 661, 672 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd)). "[T]hey may choose to believe or disbelieve any part of a witness's testimony." *Johnson*, 419 S.W.3d at 671 (citing *Davis v. State*, 177 S.W.3d 355, 358 (Tex. App.—Houston [1st Dist.] 2005, no pet.)).

**B.      Applicable Law**

Section 42.07(a)(7) of the Texas Penal Code provides "A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another." TEX. PENAL CODE ANN. § 42.07(a)(7); *Ex parte Beck*, 541 S.W.3d 846, 853 (Tex. Crim. App. 2017). Electronic communications include text messages. *Id*. § 42.07(b)(1)(A); *Ex Parte Dupuy*, 498 S.W.3d 220, 232 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

**C.      Arguments of the Parties**

Thomas argues that the State failed to meet its burden by relying on B.V.'s testimony and not forensic evidence.  He asserts that the State did not prove that the text messages at issue were actually from Thomas's phone or that they were clearly offensive.  He also argues that it would not be unusual for a debate coach to be in close contact with students on the debate team and that B.V. never established any negative effect on her life such as poor school performance.  According to Thomas, these arguments show that a rational jury could not have returned a guilty verdict.

The State argues that the evidence included screen shots of text messages and corroboration by B.V.  It also argues that B.V. provided enough context to show what was harassing about the messages she received from Thomas.  According to the State, under the *Brooks* standard of review, the evidence was sufficient for a rational jury to convict Thomas of harassment.

**D.      Analysis**

B.V. testified that Thomas, a teacher at her high school, made romantic comments and gestures to her during her junior and senior years that made her feel uncomfortable.  B.V. communicated to Thomas that she did not want romantic attention from him.  Thomas nevertheless used the phone number that B.V. gave him for school purposes to send her personal messages that she did not want to receive.  Screen shots of the text messages Thomas sent, which were after he was fired as the debate coach, were admitted into evidence.

Rational jurors could have believed B.V.'s testimony that the messages came from Thomas's phone number and were written using his style of wording.  *See Johnson*, 419 S.W.3d at 671.  Rational jurors could have also inferred that Thomas was harassing B.V. by trying to elicit a response from her even though she had expressed that she was not interested or that he was, as he said, trying to wear her down.  *See Jaggers*, 125 S.W.3d at 672.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have reasonably found that Thomas committed the offense of harassment. *See Gear*, 340 S.W.3d at 746. Accordingly, we conclude the evidence is legally sufficient to support Thomas's conviction for harassment.

We overrule Thomas's sole issue.

## CONCLUSION

Having overruled Thomas's sole issue, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

Do not publish