Opinion issued December 6, 2018



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00379-CR

———————————

**WILLIAM ROMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1456483**

# O P I N I O N

William Roman appeals from the trial court's denial of his motion to quash the State's motion to adjudicate guilt, contending that a condition of his deferred-adjudication community supervision violated the Second Amendment of the United

States Constitution. Because Roman failed to preserve this issue for appellate review, we affirm.

## BACKGROUND

After pursuing his girlfriend with a gun, Roman was charged with aggravated assault of a family member, a second-degree felony. TEX. PENAL CODE § 22.02(a)(2). Roman pleaded guilty to a reduced charge of assault of a family member, a class A misdemeanor, and received two years of deferred-adjudication community supervision. Among other conditions, Roman's community supervision prohibited him from possessing a firearm:

> During the term of supervision, [Roman] **is strictly prohibited from shipping, transporting, possessing, or purchasing a firearm,** altered firearm, or ammunition, or attempting to ship, transport, possess, receive, or purchase a firearm, altered firearm, or ammunition.

Six months into Roman's community-supervision term, a police officer making a traffic stop observed Roman throw a handgun from his car window. Roman was charged with unlawfully carrying a weapon in a motor vehicle.

The State moved to adjudicate Roman's guilt in this case, alleging that he had violated the community-supervision condition prohibiting him from possessing a firearm. The trial court dismissed the unlawful-weapon charge in light of the pending motion to adjudicate.

Roman moved to quash the State's motion to adjudicate his guilt. At the hearing, Roman conceded that he possessed a handgun, but he argued that the

2

community-supervision condition that prohibited him from possessing a firearm violated his right to possess a handgun under the Second Amendment. Absent that invalid condition, he further contended, he would not have been charged with unlawfully carrying a weapon.

The trial court denied Roman's motion to quash. Roman reserved his right to appeal that ruling, and otherwise pleaded true to violating his community-supervision conditions. The trial court revoked the community supervision, adjudicated Roman's guilt, and assessed his punishment at 120 days in jail.

## DENIAL OF MOTION TO QUASH

In his sole issue on appeal, Roman contends that the trial court erred in denying his motion to quash the State's motion to adjudicate guilt, because the condition of his supervision requiring him to refrain from possessing a firearm violated his Second Amendment right. The State responds that Roman did not preserve this claimed error for our review.

We review a trial court's ruling on a motion to quash a charging instrument de novo. *Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010); *see State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004) (explaining that de novo review applies when legal question's resolution does not turn on evaluation of witness credibility and demeanor).

3

## I. Applicable Law

Roman did not challenge the condition barring his possession of a firearm at the initial hearing when he pleaded guilty to the assault charge. Roman contends that he was not required to invoke his Second Amendment right at that stage of the proceedings.

The preservation requirements that apply to an alleged constitutional violation depend on the nature of the right allegedly infringed. The Texas Court of Criminal Appeals has divided these rights into three categories:

1. absolute, systemic requirements and prohibitions which cannot be waived;
2. rights of litigants which must be implemented by the system unless expressly waived; and
3. rights of litigants which are to be implemented upon request.

*Ex parte Heilman*, 456 S.W.3d 159, 162 (Tex. Crim. App. 2015) (quoting *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997)). "Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only, . . . all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with [Texas] Rule [of Appellate Procedure] 33.1(a)." *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004).

An absolute right is one that "seek[s] to vindicate an interest that is so indispensable to the correct operation of the criminal-justice system that the

4

enforcement of the statute is not even optional with the parties." *Ex parte Beck*, 541 S.W.3d 846, 854 n.9 (Tex. Crim. App. 2017).

Intermediary rights include those rights that must be expressly waived or else attach to the proceedings. In *Grado v. State*, 445 S.W.3d 736 (Tex. Crim. App. 2014), the Court determined that the right to be punished after consideration of the full range of punishment is a right that must expressly be waived. *Id.* at 740–41. It observed that:

> Failing to consider all available punishment carries an unacceptable risk of undermining the principle that the judicial system applies equally the range of punishment to all offenders. A contrary conclusion has the potential of shaking the public's perception of the fairness of our judicial system and breeding suspicion of the fairness and accuracy of judicial proceedings.

*Id.* at 741. Because the right was "a significant feature of our judicial system," and "qualitatively more substantive" than rights it had found forfeitable, the Court held that the defendant's claim was not procedurally defaulted. *Id.* at 741–44.

In contrast, constitutional rights that a defendant must invoke are those that "by and large, have been evidentiary or procedurally based." *Id.* at 741. They include, among others, the Fifth Amendment privilege against self-incrimination, *Johnson v. State*, 357 S.W.3d 653, 658 n.3 (Tex. Crim. App. 2012); and confrontation and compulsory process, *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009); *see also Gutierrez v. State*, 380 S.W.3d 167, 175–76 &

5

nn.39–40 (Tex. Crim. App. 2012) (remarking that "most federal constitutional rights are in fact subject to either waiver or forfeiture," and citing cases in which appellants waived challenges to community-supervision conditions that allegedly violated rights to due process and free exercise of religion). If a condition of community supervision implicates a right that must be invoked, and the defendant is notified of a condition which implicates this right at a hearing at which he has an opportunity to object, then the defendant forfeits any later complaint about the condition. *Dansby v. State*, 448 S.W.3d 441, 447 (Tex. Crim. App. 2014) (citing *Speth v. State*, 6 S.W.3d 530, 534–35 (Tex. Crim. App. 1999)).

## II.    Analysis

Roman correctly recognizes the general rule that a defendant who is fairly notified of the conditions of community supervision and has the opportunity to object to those conditions forfeits any later complaint, as long as the conditions do not involve a systemic right or prohibition. *See id.* Roman contends that his Second Amendment challenge to the community-supervision condition prohibiting him from possessing a firearm implicates a systemic right and constitutes an "intolerable" constitutional violation not subject to waiver.

Roman directs us to *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783 (2008), which recognized the Second Amendment right to possess a firearm for self-defense as a personal right. *Id.* at 624–28, 128 S. Ct. at 2814–17. There,

6

however, the Court specifically noted that that right "is not unlimited." *Id.* at 626, 128 S. Ct. at 2816. It cautioned that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places . . ., or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626–27, 128 S. Ct. at 2816–17. The Court held that the District of Columbia's complete prohibition on the possession of handguns in the home for self-defense was unconstitutional. *Id.* at 635, 128 S. Ct. at 2821–22. The question before this court, however, does not concern whether a Second Amendment right exists, but instead whether Roman was required to invoke it in the trial court and object to the firearm prohibition as a violation of that right before accepting the conditions of his community supervision.

In contending that his Second Amendment right is not one that he can waive, Roman likens his claim to those addressed in *Gutierrez v. State*, 380 S.W.3d 167 (Tex. Crim. App. 2012). Gutierrez had her community supervision revoked because she failed to comply with a condition requiring her to either legalize her immigration status or leave the country. *Id.* at 169. Gutierrez appealed the revocation order, contending that the condition violated the United States' Constitution's Supremacy Clause, which gave the federal government exclusive authority over immigration

matters, and the Texas Constitution's absolute prohibition on banishment as punishment. *Id.* at 169, 176.

The State contended that Gutierrez had waived any complaint by accepting the requirement as a condition of community supervision. *Id* at 172–73. The Court rejected this contention. *See id.* at 175–77. It concluded that, by requiring Gutierrez's self-deportation, the state trial court impermissibly intruded on the federal government's immigration authority and violated the Texas Constitution's "explicit and unqualified" prohibition from using banishment as punishment. *See id.* Gutierrez's complaints thus were not subject to ordinary principles of waiver or procedural default. *See id.* at 176–77.

Unlike the rights addressed in *Gutierrez*, the trial court's restriction of Roman's personal right to a firearm does not call the court's authority into question. Roman's claim has more in common with *Ex parte Beck*, 541 S.W.3d 846 (Tex. Crim. App. 2017), in which the Court of Criminal Appeals held the defendant could not raise his constitutional challenge for the first time on habeas review. *See id.* at 860. Beck was arrested and charged with the offenses of online solicitation of a minor and engaging in an improper relationship with a student. *Id.* at 848. According to the terms of a plea bargain, the State dismissed the online-solicitation charge. Beck pleaded guilty to the improper-relationship charge, forfeited his teaching license, and agreed not to apply for any future teaching licenses in the

8

United States. *Id.* at 848–49. The trial court sentenced him to 10 years' confinement, suspended for 10 years, and placed him on community supervision. Beck made no objection to the constitutionality of the improper-relationship statute before the trial court and did not appeal his conviction or sentence. *Id.* at 849.

After Beck entered his guilty plea, the Court of Criminal Appeals declared the online-solicitation-of-a-minor statute unconstitutional in violation of the First Amendment. *See id.* at 849–50 (citing *Ex parte Lo*, 424 S.W.3d 10, 14, 26–27 (Tex. Crim. App. 2013)). Pointing to the similarity between the online-solicitation statute and the teacher-student-relationship statute underlying his guilty plea, Beck attempted to raise a facial First Amendment challenge to the latter statute's validity. The Court, however, found substantial differences that prevented *Lo*'s invalidation of the online-solicitation statute from automatically rendering the teacher-student-relationship statute invalid. *Id.* at 858–59.

The Court recognized the presumption that statutes are constitutional unless declared otherwise, and it observed that no binding authority had yet declared the teacher-student-relationship statute invalid. *Id.* at 853, 859–60. The trial court's authority was not called into question because of Beck's conviction under the statute; thus, the Court concluded that Beck's constitutional challenge fell within the category of rights that may be forfeited by failing to object to the conditions of

9

supervision. *Id.* at 860; *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).

Roman complains that he had no choice but to accept the condition prohibiting him from possessing a firearm to avoid incarceration and, therefore, he did not bargain for it. This complaint lacks merit. The placement of a defendant on community supervision occurs in the form of a contract between the trial court and a defendant. *Dansby*, 448 S.W.3d at 447. Community supervision thus is not a right, but a contractual privilege, and conditions "thereof are terms of the contract entered into between the trial court and the defendant." *Id.* Conditions not objected to are affirmatively accepted by the defendant as terms of the contract. *Id.* By entering into the contractual relationship without objection, a defendant affirmatively waives any rights limited by the contract's terms. *Id.* A defendant must simply take or leave the conditions of supervision in considering whether to enter the plea agreement. *See Gutierrez*, 380 S.W.3d at 179.

Absent the plea agreement, Roman would have been tried for the second-degree felony offense originally charged. A guilty finding on that charge would have rendered Roman permanently ineligible to lawfully carry a handgun, and it would have subjected him to greater punishment. *See* TEX. GOV'T CODE § 411.172(a)(3); TEX. PENAL CODE § 12.33 (requiring imprisonment for term "of not more than 20 years or less than 2 years" for individual adjudged guilty of second-

10

degree felony).  Because Roman pleaded guilty to misdemeanor assault of a family member, he would not have been permitted to carry a firearm for five years after the successful completion of and release from community supervision even absent the challenged term.  *See* TEX. PENAL CODE § 46.04(b)(2); TEX. GOV'T CODE §§ 411.171(4), 411.172(a)(8).  Roman's guilty plea also would independently support the complainant's application for a protective order.  Such a protective order would disqualify Roman from lawfully carrying a weapon for the duration of the order's validity.  *See* TEX. FAM. CODE §§ 82.001–82.043; TEX. GOV'T CODE § 411.172(a)(12); *see also* 18 U.S.C. § 922(g)(8), (9) (disallowing gun possession by individuals subject to court orders restraining them from harassing, stalking, or threatening intimate partner, as well as individuals "who ha[ve] been convicted in any court of a misdemeanor crime of domestic violence"); TEX. FAM. CODE § 71.004 (defining "family violence").  Roman's challenge based on a lack of consideration for the plea bargain thus is unavailing.

Roman does not dispute that he was aware of and accepted the firearm ban, among other conditions, in exchange for a two-year term of deferred-adjudication community supervision instead of incarceration.  Roman does not suggest that any perceived coercion precluded him from making a timely objection before accepting the condition.  Because he agreed to comply with the conditions of community supervision and made no timely objection, Roman affirmatively waived any

11

complaint to the limitations they imposed. *See Dansby*, 448 S.W.3d at 447 (citing *Speth*, 6 S.W.3d at 534–35). We therefore hold the trial court did not err in denying Roman's motion to quash.

## III. Propriety of Revocation

In a motion to revoke community supervision, the State need prove only one sufficient ground by a preponderance of the evidence to support revocation. *Akbar v. State*, 190 S.W.3d 119, 122–23 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Roman stipulated to violating the conditions of community supervision as alleged in the State's motion and pleaded true to the State's motion. Roman's stipulations and plea provide a sufficient basis for the trial court to find by a preponderance of the evidence that Roman violated the community-supervision condition prohibiting him from possessing a firearm. Because the record supports the trial court's finding that Roman violated this condition, we need not address his challenge to the finding that he violated the condition requiring that he commit no offense against any state or federal law. *See id.*

### CONCLUSION

We hold that, because Roman waived his right to challenge the constitutionality of the conditions of his community supervision, the trial court did not err in denying Roman's motion to quash. We further hold that the record

demonstrates a sufficient factual basis for the trial court's order revoking his community supervision. We therefore affirm the judgment of the trial court.


                                        Jane Bland
                                        Justice

Panel consists of Justices Keyes, Bland, and Lloyd.

Publish.  TEX. R. APP. P. 47.2(b).