

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EX PARTE RUBEN RODRIGUEZ CAMPOS, | § | No. 08-24-00221-CR |
| | § | Appeal from the |
| Appellant. | § | 109th Judicial District Court |
| | § | of Winkler County, Texas |
| | § | (TC# 4125-A) |

## MEMORANDUM OPINION

Appellant, Ruben Rodriguez Campos, appeals from the denial of his application for writ of habeas corpus in which he challenged the validity of an October 2001 Order of Deferred Adjudication: Placement on Community Supervision (the deferred judgment). In his application, Appellant contended he received ineffective assistance of counsel when he entered his guilty plea. On appeal, Appellant maintains the trial court erred in denying his application because he did not receive the appropriate admonishments and was the victim of ineffective assistance of counsel. He also asserts the State did not timely file its response to his application and therefore waived its right to object to the writ. Because we conclude the trial court did not abuse its discretion in determining that Campos was not entitled to habeas relief, we affirm.

# I. Procedural Background[1]

In October 2001, pursuant to a plea agreement, Appellant pleaded guilty to the second-degree felony of sexual assault. Appellant was represented by his attorney, Edward Garza. However, Luis Alonso Chavez, an attorney who worked with Garza, appeared at the plea hearing on Appellant's behalf. On October 1, 2001, the trial court signed the deferred judgment placing Appellant on probation for two years and assessing court costs. The deferred judgment stated, in part, that Appellant "was admonished by the Court of the consequences of said plea[.]" About two years later, the trial court signed an order that (1) set aside the deferred judgment and (2) dismissed the indictment.[2]

On January 23, 2024, Appellant filed an application for writ of habeas corpus challenging the validity of the deferred judgment. In his application, Appellant briefly mentioned the correct punishment range, but he did not specifically assert trial counsel was ineffective based on counsel allegedly misinforming him about the punishment range. Instead, Appellant's application asserted trial counsel was ineffective because counsel failed to inform him that he would be required to register as a sex offender under Chapter 62 and that he would be subject to such registration for the remainder of his life.

On February 27, 2024, the State filed a motion asking the trial court to order Garza to file an affidavit addressing Appellant's claims on or before March 15, 2024, and to grant an extension of 30 days for the State to file its answer. One day later, the trial court ordered Garza to file his

---

[1] Additional facts necessary for disposition of Appellant's issues are recited in the relevant analysis of each issue below.

[2] "On expiration of a period of deferred adjudication community supervision imposed under this subchapter, if the judge has not proceeded to an adjudication of guilt, the judge shall dismiss the proceedings against the defendant and discharge the defendant." Tex. Code Crim. Proc. Ann. art. 42A.111(a).

affidavit no later than March 15, 2024, granted the State's request for an extension, and set a hearing for May 8, 2024. On April 9, 2024, Chavez filed his affidavit. A few days later, Garza filed his affidavit. The State filed its response on March 28, 2024.

On June 19, 2024, the trial court commenced a hearing on Appellant's application. The same day, the court signed an order that denied the application and contained findings of fact and conclusions of law. The trial court did not make any finding or conclusion regarding whether counsel was ineffective because he misinformed Appellant about the punishment range. Regarding whether counsel informed Appellant about the registration requirements, the trial court concluded as follows:

> Applicant failed to show that trial court's [sic] representation fell below the range of competence demanded of attorneys in criminal cases. Trial counsel's affidavit states that in his normal practice, he would advise a client on the registration requirements based on the type of offense Applicant was charged with, despite not being able to recollect if he in fact discussed the registration requirement with Applicant.
>
> Applicant failed to prove that trial counsel's failure to advise him of lifetime sex offender registration would have resulted in him going to trial instead of taking the plea. Applicant did not provide credible evidence to show that he would of [sic] rejected the plea had he known of the sex offender requirement and that plea rejection would have been rational in the circumstances of the case. Trial counsel's affidavit states that trial preparation had commenced and the Applicant had rejected any type of plea where he would serve prison time. Trial counsel states that when the prosecutor made the offer of two years deferred adjudication, the defendant was happy to accept the offer as was he.

Appellant timely appealed.

## II. Issues on Appeal

On appeal, Appellant raises three issues: (1) he was the victim of ineffective assistance of counsel; (2) he failed to receive the appropriate admonishments and that constituted ineffective

assistance of counsel; and (3) the State failed to timely file its response to Appellant's application for writ of habeas corpus. We address Issues One and Two together, followed by Issue Three.

### III.   INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant contends he was denied effective assistance of counsel for two reasons. First, Appellant asserts trial counsel told him that the punishment range, if he went to trial, was five to 20 years. According to Appellant, counsel was ineffective because the correct punishment range for a second-degree sexual assault is two to 20 years. On appeal, Appellant argues the incorrect punishment range was "a major factor in deterring [him] from pursuing a trial" and he relied on this erroneous advice in deciding to enter a guilty plea and "avoid this nonexistent punishment." Second, Appellant asserts counsel failed to ensure he received the proper admonishments, which included an admonishment regarding the requirement to register as a sex offender.

#### A.   Relevant law

##### (1)   Application for writ of habeas corpus

Appellant, who completed a term of community supervision, filed his application pursuant to Texas Code of Criminal Procedure Article 11.072. Article 11.072 "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." Tex. Code Crim. Proc. Ann. art. 11.072 § 1. "We review a trial court's ruling on an Article 11.072 application for an abuse of discretion." *Ex parte Salazar*, 510 S.W.3d 619, 625 (Tex. App.—El Paso 2016, pet. ref'd). We review the evidence in the light most favorable to the trial court's ruling, and we uphold that ruling absent an abuse of discretion. *Ex parte Becciu*, 615 S.W.3d 482, 491 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

In an Article 11.072 habeas case, the trial judge is the sole finder of fact. *Ex parte Sanchez*, 625 S.W.3d 139, 144 (Tex. Crim. App. 2021); *Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011). "Findings of historical fact made at the trial level are still given deference on appeal even when the findings are based solely on affidavits." *Sanchez*, 625 S.W.3d at 144; *see also Ex parte Orozco*, No. 08-17-00127-CR, 2018 WL 6629695, at *4 (Tex. App.—El Paso Dec. 19, 2018, pet. ref'd) (not designated for publication) ("we afford almost total deference to the trial court's findings of fact that are supported by the record, especially when the trial court's fact findings are based upon an evaluation of credibility and demeanor"). "[W]e review de novo the trial court's resolution of mixed questions of law and fact that do not turn on witness credibility and its resolution of pure questions of law." *Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017); *Orozco*, 2018 WL 6629695, at *4.

### (2) Ineffective assistance of counsel

"An applicant for a post-conviction writ of habeas corpus bears the burden of proving his claim by a preponderance of the evidence." *Ex Parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016). To demonstrate that he is entitled to post-conviction relief based on ineffective assistance of counsel, an applicant must demonstrate that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) the applicant was prejudiced because of counsel's errors and, but for those errors, there is a reasonable probability of a different outcome. *Strickland v. Washington*, 466 U.S. 668, 687, 693 (1984). "There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and any finding of deficient performance must be firmly founded in the record." *Ex parte Covarrubias*, 665 S.W.3d 605, 610 (Tex. Crim. App. 2023).

### (3) Sex offender registration requirements

Chapter 62 of the Texas Code of Criminal Procedure "defines the scope of Texas's sex offender registration program and delineates the legal duties of those who administer it and those subject to its requirements." *Crabtree v. State*, 389 S.W.3d 820, 825 (Tex. Crim. App. 2012). Under Chapter 62, a person with a "reportable conviction"[3] must register with "the local law enforcement authority in any municipality [or county] where the person resides or intends to reside for more than seven days." Tex. Code Crim. Proc. Ann. art. 62.051(a). "[T]he duty to register for a person ends when the person dies if the person has a reportable conviction or adjudication[.]" *Id.* art. 62.101(a).

### (4) Admonishments

Prior to accepting a plea of guilty, the court shall admonish the defendant of, among other things, "the range of the punishment attached to the offense" and "the fact that the defendant will be required to meet the registration requirements of Chapter 62, if the defendant is convicted of or placed on deferred adjudication for an offense for which a person is subject to registration under that chapter[.]" Tex. Code Crim. Proc. Ann. art. 26.13(a)(1), (5).

### B. Background

At the hearing on Appellant's application, the trial court heard testimony from Appellant and Chavez and had before it, among other pleadings, Garza's affidavit.[4] The court also took judicial notice of its file.

---

[3] Article 62.001(5)(A) defines "reportable conviction" to include sexual assault, the offense for which Appellant was convicted. *See* Tex. Code Crim. Proc. Ann. art. 62.001(5)(a).

[4] When the State informed the court and Appellant's counsel that it was offering in evidence its response along with all exhibits, including Garza's affidavit, Appellant's attorney said he objected to the State's response, but he did not object "to the independent filing of" Garza's affidavit.

Chavez testified he was Appellant's attorney for the plea hearing in 2001. Because he was not the lead attorney on the case, he believed Garza worked on the terms of the plea agreement with the State. Chavez testified that Garza would have dealt specifically with Appellant about "anything leading up to the actual day of the plea." Although he could not recall discussing with Garza either the terms of the plea agreement or the Chapter 62 registration requirements, he believed that was probably what happened. He said he could state what he normally would have done in a plea deal. Chavez "vaguely remember[ed] an issue" regarding "the duration, maybe, of the [registration] requirement as to whether it dropped off after ten years and whether it was ten years from the date of the plea, ten years from when he had finished the probation, or lifetime." Chavez stated that in 2001, he "was well-aware of what Chapter 62 requirements were and what cases they were applicable to." He thought the conversation regarding the Chapter 62 registration requirements was with a probation officer. He had no recollection of whether the trial court admonished Appellant about the registration requirements.

When asked how he normally would have handled a plea deal such as Appellant's, Chavez responded:

> . . . I would have gone over, in this instance, the ramification of the plea in that even though you're entering a plea of guilty and you're not being found guilty, you're not being convicted, it's still a conviction in the way of immigration purposes, and cancellation might have come up in that regard. . . . Normally, I would have then described the requirement of having to register[.]

He added that he could not see why he would not have done the same in Appellant's case. He admitted he could not specifically remember "word-for-word" what he spoke about with Appellant as they went through the paperwork, but he would "normally" "definitely have mentioned . . . the requirement and the length of time and how unfair it is, because for the rest of your life not updating your phone number could subject you to a felony offense."

7

Appellant testified that between the time he retained Garza and the time his case went to trial, he spoke with Garza nine or ten times. He stated they discussed the strengths and weaknesses of his defense, as well as the advantages and disadvantages of a jury trial. Appellant said Garza told him that he had "a good case to win" but he could get "5 years in prison or maybe 20." Appellant stated that this punishment range did not discourage him from going to trial. He said Garza also told him the advantages and disadvantages of a plea agreement and that there was a possibility of a two-year probation if he agreed to a plea. Appellant testified that if he had been told he had to register under Chapter 62, he would not have accepted a plea agreement and he would have told his attorney he wanted to go to trial. He testified that neither Garza, Chavez, nor the prosecutor mentioned the Chapter 62 registration requirements to him. But he could not remember whether the judge told him about the requirements.

Appellant said Chavez told him about the immigration consequences of a plea. He said that after the plea hearing, the probation department told him he would have to register for up to ten years, but about three months later, he was told the registration was for life. He said he tried to reach out to Garza about the registration requirement, but Garza never responded.

The trial court also had before it Garza's affidavit. In his affidavit, Garza stated the original plea offer was for five years, but later the State offered two years' probation. He remembered that both he and Appellant were happy with the new deal and Appellant was "anxious" to accept it. As to whether he discussed the Chapter 62 registration requirements with Appellant, he had no specific recollection of doing so, but "[i]n the normal manner of discussing [a] plea with a defendant regarding sexual assault, [he] would have discussed this issue as a matter of habit or course." At the end of the hearing, the trial court took the matter under advisement. The trial court later denied Appellant's application.

8

### C.  Punishment range

Appellant first asserts trial counsel was ineffective because counsel told him he could receive five to 20 years in prison if he went to trial, which was an incorrect punishment range.[5] Appellant contends he relied on this incorrect information in deciding to enter a guilty plea. On appeal, the State asserts this Court should not consider Appellant's arguments regarding his trial counsel's mistaken advice about the applicable punishment range because Appellant did not raise that argument in his writ or at the trial court level. We agree that Appellant did not expressly articulate this as a basis for his ineffective-assistance claim. Nevertheless, an ineffective-assistance claim may be raised for the first time on appeal. *Paz v. State*, No. 08-23-00296-CR, 2024 WL 3544615, at *5 (Tex. App.—El Paso July 25, 2024, no pet.) (mem. op., not designated for publication) (citing *Robinson v. State*, 16 S.W.3d 808, 810 (Tex. Crim. App. 2000)); *Pacheco v. State*, No. 08-11-00237-CR, 2012 WL 6629778, at *2 n.2 (Tex. App.—El Paso Dec. 19, 2012, no pet.) (not designated for publication). However, even when reviewed for the first time on appeal, complaints of ineffective-assistance still must be firmly founded in the record. *See Pacheco*, 2012 WL 6629778, at *2. We conclude the record does not support Appellant's complaint.

When asked about the weakness of his defense, Appellant said he was told he could get five to 20 years. However, contrary to his contention on appeal that this incorrect punishment range "was a major factor in deterring" him from going to trial, at the hearing on his application he said the punishment range did not discourage him from going to trial. Furthermore, during closing arguments, Appellant's counsel did not assert trial counsel was ineffective because he allegedly incorrectly informed Appellant about the punishment range. The entire focus of counsel's closing

---

[5] The correct punishment range for second-degree sexual assault is two to 20 years. Tex. Penal Code Ann. §§ 22.011(a)(1), (f); 12.33(a).

argument was on the alleged failure to inform Appellant about the Chapter 62 registration requirements.

On this record, we conclude that Appellant failed to prove by a preponderance of the evidence that his attorneys' performance was deficient under the first prong of the *Strickland* test.

### D. Admonishments

Next, Appellant contends he did not receive the Chapter 62 admonishments. We first note that the deferred judgment, which states as follows, appears to contradict Appellant's claim:

> Thereupon, *the Defendant was admonished by the Court of the consequences of said plea*, and, it appearing to the Court that the Defendant was competent to stand trial and that the Defendant was not influenced in making said plea by any consideration of fear or by any persuasion prompting a confession of guilty, the free and voluntary plea of guilty was received by the Court and is now entered of record in the minutes of the Court as the plea of the Defendant. (emphasis added).

As to whether trial counsel failed to admonish Appellant about the Chapter 62 registration requirements, we conclude the record does not support this complaint. In *Ex parte Bowman*, the appellant argued in his writ application that trial counsel did not conduct an adequate preliminary investigation before deciding not to impeach an officer with his payroll records for the purpose of showing the officer made unwarranted DWI arrests to earn overtime pay. 533 S.W.3d 337, 342, 350–51 (Tex. Crim. App. 2017). At the hearing on the writ, trial counsel was the only witness to testify, and he professed—over and over—that he could not remember whether he had obtained the officer's overtime pay records in preparation for the appellant's 2005 trial. *Id.* at 343.

The Court of Criminal Appeals decided it did not need to address the appellant's complaint because it concluded the record did "not bear out the convicting court's finding that [trial counsel] failed to obtain and review those records to begin with." *Id.* at 350. The court noted that "[a]t no point did [trial counsel] concede that he failed to obtain the officer's payroll records prior to

Appellant's 2005 DWI trial" and there was no evidentiary support for the trial court's finding that [trial counsel] did not have those payroll records. *Id.* According to the court,

> All [trial counsel] ever conceded at the writ hearing was that he could not presently remember whether he had obtained those records. Several times he insisted that, because of the passage of time, he did not know, and could not say, whether he had obtained [the officer]'s records before Appellant's trial. Even if the convicting court found [trial counsel]'s memory deficit incredible, that would not provide positive evidence that [he] failed to obtain the records. In the absence of evidence to show— one way or the other—whether [trial counsel] had obtained the records, Appellant cannot overcome the *Strickland* presumption of adequate investigative assistance. He has failed to establish by a preponderance of the evidence the factual premise of his claim—that [trial counsel] failed to conduct a preliminary investigation that was sufficient to inform his decision not to impeach [the officer] more stoutly than he chose to do at trial.

*Id.* at 350–51.

Similarly here, neither Garza nor Chavez could remember the specific conversations with Appellant over 20 years earlier, but both testified about what they would have normally done under similar circumstances. Garza averred that he would normally discuss sex offender registration when discussing with a defendant a plea regarding sexual assault. Chavez testified that he could not see why he would not have done with Appellant what he would "normally" do, i.e., mention "the requirement and the length of time and how unfair it is, because for the rest of your life not updating your phone number could subject you to a felony offense."

We defer to the trial court's factual findings. Absent evidence found credible by the trial court showing that the attorneys failed to admonish Appellant about the Chapter 62 registration requirements, Appellant cannot overcome the *Strickland* presumption that counsels' conduct fell within the wide range of reasonable professional assistance. *See id.* at 351; *see also Reyes v. State*, 557 S.W.3d 624, 637 (Tex. App.—El Paso 2017, pet. ref'd) ("The record does not reflect what

11

Appellant's trial counsel actually told him about the deletion of the deadly weapon language. That gap in the record necessarily means that Appellant cannot meet the first *Strickland* test.")

Accordingly, we conclude the record before us supports the trial court's conclusion that Appellant failed to show that trial counsels' representation fell below the range of competence demanded of attorneys in criminal cases. Because Appellant did not satisfy the first prong of the *Strickland* test, the trial court did not abuse its discretion by denying Appellant's application on the ground that he did not receive the Chapter 62 admonishments.

We overrule Appellant's Issues One and Two.

## IV. TIMELINESS OF STATE'S RESPONSE

In Issue Three, Appellant argues that the State failed to respond to his writ application in a timely manner and therefore waived its right to respond or object.

The State may file an answer to an application for writ of habeas corpus but is not required to do so. Tex. Code Crim. Proc. Ann. art. 11.072 § 5(b). If the State files an answer, it may not do so "after the 30th day after the date [the applicant serves a copy of the application], except that for good cause the convicting court may grant the state one 30-day extension." *Id.* art. 11.072 § 5(c). Here, Appellant served his application on January 23, 2024. The first 30-day deadline was February 23, 2024. On February 27, 2024, the State requested a 30-day extension to file its answer. One day later, the trial court granted the State's request for an extension, which made the State's response due March 28, 2024. The State filed its answer on March 28, 2024, which Appellant contends was late based on a late request for extension.

We decline to address this issue because, even if the State's response was untimely, the State was not required to file a response. *See id.* art. 11.072 § 5(b). Furthermore, the trial court heard testimony from Appellant and Chavez, and had before it Garza's affidavit. Therefore, the

12

trial court had the authority to deny Appellant's application based on the evidence in the record. *See id.* art. 11.072 § 6(b) ("In making its determination, the court may order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection."); *see also Ex Parte Miller*, No. 14-14-00862-CR, 2015 WL 9311559, at *1, 3 (Tex. App.—Houston [14th Dist.] Dec. 22, 2015, pet. ref'd) (mem. op., not designated for publication) (State's answer was late by about seven months; nevertheless, "the trial court had authority to deny appellant's application as frivolous pursuant to Article 11.072, section 7(a)" even without an answer).

## V.  CONCLUSION

For the foregoing reasons, we overrule Appellant's issues on appeal and affirm the trial court's order denying his application for writ of habeas corpus.


LISA J. SOTO, Justice


January 27, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)