# Court of Appeals
## Tenth Appellate District of Texas

10-25-00036-CR, 10-25-00037-CR

Ex parte Nathan Ryan Jones

On appeal from the
82nd District Court of Robertson County, Texas
Judge Bryan F. Russ Jr., presiding
Trial Court Cause Nos. 22-03-21586-CR, 22-04-21619-CR

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Nathan Ryan Jones appeals the habeas court's denial of his article 11.072 applications for writs of habeas corpus based on ineffective assistance of trial counsel. We affirm.

STANDARD OF REVIEW

In an article 11.072 application for writ of habeas corpus, the habeas judge is the sole factfinder. *See Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011). In our review, we afford great deference to the habeas court's findings of fact and conclusions of law that are supported by the record. *See Ex parte Mello*, 355 S.W.3d 827, 832 (Tex. App.—Fort Worth 2011, pet.

ref'd). We view the evidence in the light most favorable to the habeas court's ruling and uphold the ruling absent an abuse of discretion. *Id.* We review de novo the habeas court's resolution of pure questions of law and its resolution of mixed questions of law and fact that do not turn on witness credibility. *See Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017). We will uphold the habeas court's decision on any theory of law applicable to the case. *See id.*

RELEVANT LAW

Article 11.072 of the Code of Criminal Procedure establishes the procedures for a writ of habeas corpus in a criminal case in which the defendant was originally placed on community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072. An applicant seeking a writ of habeas corpus bears the burden to prove by a preponderance of the evidence that he is entitled to relief. *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016).

An applicant seeking relief based on ineffective assistance of counsel must demonstrate that (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) the applicant was prejudiced as a result of counsel's errors, in that, but for those errors, there is a reasonable probability of a different outcome. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687, 693 (1984)). If the applicant fails to make a

showing under either prong, his claim for ineffective assistance of counsel must be denied. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

Counsel has a duty in every case to make a reasonable investigation or a reasonable decision that an investigation is unnecessary. *See Ex parte Martinez*, 195 S.W.3d 713, 721 (Tex. Crim. App. 2006). When an applicant raises the claim that counsel was ineffective for failure to investigate, he must demonstrate what the more in-depth investigation would have shown. *Ex parte Dennis*, 665 S.W.3d 569, 574 (Tex. Crim. App. 2022). Additionally,

> [i]n the context of a collateral challenge to a guilty plea, the focus of the prejudice inquiry is on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process," and on whether a defendant has shown that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Torres*, 483 S.W.3d at 43 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

RELEVANT FACTS

Jones was charged in the underlying cases with separate instances of Repeated Violation of Court Order or Condition of Bond for allegedly communicating with a person he was court-ordered not to communicate with. *See* TEX. PENAL CODE ANN. § 25.072. On September 12, 2022, pursuant to a plea agreement, Jones pled guilty and was placed on five years deferred adjudication community supervision in both cases. On October 25, 2024, Jones

filed article 11.072 applications for writs of habeas corpus requesting the trial court to set aside the orders placing him on deferred adjudication community supervision. He alleged that his original pleas in each case were involuntary based on ineffective assistance of trial counsel.

The habeas court held a hearing on the applications for writs of habeas corpus. Jones's trial counsel was the only witness called to testify at the hearing. Copies of discovery provided by the State to Jones's trial counsel were also admitted into evidence. The habeas court concluded that Jones failed to prove that trial counsel provided ineffective assistance of counsel and denied his applications for writs of habeas corpus.[1]

ANALYSIS

Jones argues ineffective assistance of counsel by attacking the sufficiency of the evidence in the discovery provided by the State and claiming that trial counsel should have conducted further investigation into the allegations. However, Jones has failed to satisfy the deficient-performance prong of *Strickland* because there is no evidence in the record explaining what a more in-depth investigation would have shown. Further, trial counsel

---

[1] Because the trial court's order did not deny Jones's habeas applications as frivolous and the clerk's record did not include the required findings of fact and conclusions of law, this Court abated the appeal for entry of the necessary findings and conclusions. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, §7(a).

testified that he reviewed each of the allegations with Jones, Jones reviewed all of the documents in the discovery,[2] and Jones decided to enter into the plea agreement. This supports a finding that trial counsel's performance was not deficient because he made a reasonable decision that further investigation was unnecessary. *See Martinez*, 195 S.W.3d at 721. Counsel also noted that he was present when Jones entered his guilty pleas and heard the court ask Jones whether his pleas were entered freely, knowingly, and voluntarily. The habeas court expressly found trial counsel to be credible. Because Jones's failed to demonstrate deficient performance by his trial counsel, he failed to establish his claim for ineffective assistance of counsel.[3] The habeas court did not abuse its discretion in denying Jones's applications for writs of habeas corpus.

Accordingly, Jones's sole issue in each of these appeals is overruled. We affirm the orders of the habeas court.

---

[2] Trial counsel explained that Jones did not review any of the video evidence because Jones did not make an appointment to review the video evidence at trial counsel's office.

[3] In his supplemental brief, Jones takes issue with the following finding of fact: "In the hearing on this matter, [Jones] did not testify and no evidence was presented that [Jones] would have insisted on going to trial if he knew or suspected his attorney was ineffective." He claims that this finding is a violation of his constitutional right to remain silent. This finding is relevant to the prejudice prong of the analysis. *See Torres,* 483 S.W.3d at 43. Because we find that that the record supports the habeas court's ruling on the deficient-performance prong of *Strickland*, we do not address the habeas court's findings or conclusions concerning the prejudice prong or Jones's challenges to them. *See* TEX. R. APP. P. 47.1; *Rylander*, 101 S.W.3d at 110.

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  February 12, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Do not publish
CR25